**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RHECO J. MARSHALL,** | : | **Case No.  1:06-CR-537** |
| **Petitioner,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **UNITED STATES OF AMERICA,** | : | **MEMORANDUM & ORDER** |
| **Respondent.** | : | |

Before the Court is Petitioner Jeffrey Rheco J. Marshall's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582.  (Doc. 35.)  As explained below, this motion must be **DENIED**.

Marshall seeks the retroactive reduction of his sentence under Amendments 706 and 711 to the United States Sentence Guidelines.  (*Id*.)  These amendments modified the calculation guidelines for determination of a Base Offense Level under Section 2D1.1, offenses involving the possession and distribution of crack cocaine.  Marshall, however, possessed more than 5 grams of crack cocaine and had a number of prior convictions for felony drug offenses.  Thus, he was not sentenced under § 2D1.1; he was sentenced, instead, to a term of 120 months pursuant to the statutory mandatory minimum.  *See* § 5D1.1; 21 U.S.C. § 841(b)(1)(B).

While "a court should adjust a sentence when it is explicitly based on the crack cocaine guidelines," it must "leave undisturbed a sentence for which there exists an independent basis." *United States v. Johnson*, Case No. 1:96cr142, 2009 U.S. Dist. LEXIS 37205, at *3 (N.D. Ohio Apr. 29, 2009).  The precise question raised by this case, whether a district court may adjust the sentence for a prisoner who was sentenced to a statutory mandatory minimum has now arisen several times

within this circuit.  The Sixth Circuit has explained that district courts are simply without power to modify such a sentence.  *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009).  It is clear that:

> [The Petitioner's] argument lacks merit because he was not in fact sentenced based on a Guidelines range that was subsequently reduced.  Rather, his sentence was based on the mandatory minimum . . . which remained unchanged by Guidelines Amendment 706.

*Id*.; *see also United States v. Reyes*, Case No. 1:93cr16, 2010 U.S. Dist. LEXIS 19450, at *16 (W.D. Mich. Mar. 4, 2010) ("[A] statutory mandatory minimum cannot be avoided or negated by any amendment to any guideline at any time."); *cf. Dillon v. United States*, Case No. 09-6338, 2010 U.S. LEXIS 4975 (U.S. June 17, 2010) ("[§ 3582(c)(2)] applies only to a limited class of prisoners . . . . § 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission.").  The caselaw is unambiguous: the Court cannot grant Marshall's motion.

For the aforementioned reasons, Rheco J. Marshall's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582 (Doc. 35) is **DENIED**.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: August 11, 2010**